IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00272-06 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC SALSEDO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER APPOINTING THE FEDERAL PUBLIC
DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT

Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant was sentenced on April 26, 2004, to a 120-month term of imprisonment.

On November 1, 2007, Amendment 706 became effective, allowing a reduction to the base offense level for most cocaine base ("crack") offenses.[1] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively in U.S.S.G. Section 1B1.10(c),

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

effective March 3, 2008. An amendment to the Guidelines may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993).

The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other controlled substances.

On June 16, 2008, Defendant, pro se, filed a Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) since he believed he was entitled to a reduction of his sentence. This Court finds that Defendant would be best served by having counsel appointed for him regarding this issue. This Court hereby appoints the Federal Public Defenders Office as counsel, assuming they have no conflict of interest or that if there is a conflict that such conflict can be waived. In the event there is a conflict, which cannot be waived, the Court directs the Federal Public Defenders Office to so advise the Court, in which case the matter will be referred to a CJA counsel.

The Court hereby authorizes the Probation Office to release to Defendant's Counsel and the Government the Presentence Report and any

addendums thereby, and the statement of reasons pertaining to the Defendant, departure motions, if any, and any sealed sentencing documents to which a defense counsel would otherwise be entitled.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 20, 2008.



        David Alan Ezra
        United States District Judge

<u>United States of America vs. Eric Salsedo</u>, CR. No. 02-00272-06 DAE; ORDER APPOINTING THE FEDERAL PUBLIC DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT